UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 OCT 19  PM 2: 54
US DISTRICT COURT
MIDDLE DISTRICT OF FL

ANN MARIE COOPER,

　　　　Plaintiff,

v.

STETSON UNIVERSITY, INC.,

　　　　Defendant.
_____/

CASE NO.:
6:10-cv-1560-ORL-22-GJK

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ann Marie Cooper, files this her complaint against Defendant, Stetson University, Inc., for age discrimination and states that:

### COUNT I.

1. This is an action at law under the Age Discrimination and Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. § 621 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626(e). Injunctive and declaratory relief and damages are sought pursuant to 29 U.S.C. § 620(b).

3. Defendant is a corporation organized and existing under the laws of the State of Florida and has its principal place of business in Volusia County, Florida. Venue is proper in this district and in this division since the transactions and occurrences complained of occurred in Volusia County, Florida.

4. The Plaintiff was hired as a Career Development Coordinator, for the Career Management Office, School of Business Administration in March 2001.

5. In September 2007 the Career Management Office in the School of Business Administration closed. The Plaintiff was placed in the position of an Assistant Director in the University's Career Service Office. In an e-mail from Dr. Ted Surynt, Associate Dean, School of Business Administration, who was the Plaintiff's supervisor, he advised the faculty and staff of the closing of the Career Management Office, and commended the Plaintiff for her knowledge, experience, professionalism and accomplishments. Dr. Surynt wrote:

> "On a personal note, I would like to thank Ann Marie for all her hard work over the last 8 years. She has run our career management office for all this time virtually single handed. Although she reported to me, I gave her almost no help and relied on her knowledge, experience and professionalism to get the job done. Our placement numbers over the last few years have always been in the high 90 percent range with last year's number coming in at 100%. Results can't be any better than that and are a testimonial to the work and dedication that Ann Marie brought and continues to bring to her position. We all wish her well and look forward to working with her in creating a university career services office that we can all be proud of."

6. The Plaintiff's evaluations each and every year that she was employed with Defendant were noted overall as either outstanding or exceeding expectations.

7. The Plaintiff never once received any type of oral or written warning, reprimand, or corrective counseling regarding performance or discipline.

8. The Plaintiff's accomplishments include, but are not limited to, the following:

- Designed and implemented the Career Management website and other online support services for students and alumni.
- Created fund raising programs.

2

- Supervised, hired and trained part-time contract employees and student assistants.

- Developed a Student Manual (2006-2007).

- Marketed, developed and executed support services and programs which include: Annual Fall and Spring Career Festivals, Career Development Certification, Professional Etiquette Seminars, Career Boot Camps, Industry Panels, Business Industry Speaker Series, Graduate Leadership Symposium, and Annual Career Fairs Florida MBA and Graduate Business Consortium.

- The Plaintiff's placement numbers for the years 2004, 2005 and 2006 were in the high 90% range, 2007 placement being at 100%.

9. On September 28, 2007 in a faculty meeting the Plaintiff was given a plaque, acknowledging leadership, effort, and faithful service in developing and advancing the Career Management Office as Director. This was presented in appreciation and thanks by the School of Business Administration.

10. In October 2007 the Plaintiff submitted her resume and letters of reference to the HR office of Defendant to be considered for the position of Director, University Career Services Office.

11. The Plaintiff's date of birth is January 16, 1961. At the time of her application for the position of Director she was 46 years of age.

12. The Plaintiff was qualified for the position of Director of the University Career Services Office.

13. In May 2008 the Defendant selected an individual who was 30 years of

age at the time of placement to the Director's position in the University Career Services Office.

14. The hiring by Defendant of an individual substantially younger than the Plaintiff to the Director's position in the University Career Services Office despite Plaintiff's superior qualifications and experience was the result of age discrimination by Defendant.

15. In addition to the hiring of a substantially younger individual than the Plaintiff who had lesser qualifications and experience the Defendant conducted itself with obvious favoritism when Defendant allowed the individual who ultimately was hired to be part of the Search Committee from September 2007 to April 2008. This allowed the ultimate hire to be involved in pre-screening, interviewing and assisting Defendant in weeding out other applicants who ultimately would be contenders with the hire for the position of Director in the University Career Services Office. The ultimate hire had prior knowledge of the questions, format and responses by being able to participate as a member of the Search Committee. The ultimate hire had time to prepare her answers, while other applicants did not. After sitting through all interviews the ultimate hire was then give the green light to apply and interview for the position.

16. In addition to violating federal law in the hire of the Director of the University Career Services Office position the Defendant has also shown a pattern and practice of hiring and promoting individuals less than 40 years old to the Director's position in the University Career Services Office. The past 10 year history of hires of Director and Interim Director for this position and the ages of the hires are as follows:

- 2001 – Director, estimated 30 years of age.

- 2002 – Interim Director, estimated 25 years of age.
- 2003 – Director, estimated 48 years of age.
- 2003 – Interim Director, estimated 30 years of age.
- 2004 – Director, estimated 28 years of age.
- 2005 – Director, estimated 30 years of age.
- 2007 – Interim Director, estimated 26 years of age.
- 2008 – Director, estimated 30 years of age.

These hires of those less than 40 years of age, with one exception, were accomplished despite the fact many candidates, who were over 40 years of age, had better qualifications and experience. In fact, the Defendant passed over in this time period four individuals who were over 40 years of age who had Doctorate Degrees or Masters of Arts Degrees.

17. As a result of this discrimination and the failure to promote, the Plaintiff has suffered economic losses and benefits.

18. The Plaintiff seeks liquidated damages equivalent to economic losses as authorized under the ADEA due to the willful nature of Defendant's conduct.

19. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission which issued a Notice of Right to Sue which was received by the Plaintiff on or about July 25, 2010. Attached as **Exhibit "A"** is a copy of this Notice.

WHEREFORE, Plaintiff requests this Court enter a judgment declaring that the acts and practices complained of herein are in violation of the ADEA and enjoin and permanently restrain these violations; direct Defendant to take such affirmative steps as

are necessary to ensure that the effects of these unlawful employment practices do not continue to effect Plaintiff's employment opportunities; direct Defendant to reinstate Plaintiff placing her in the position she would have occupied but for Defendant's discriminatory treatment and making her whole for all earnings she would have received but for Defendant's discriminatory treatment including, but not limited to, wages, bonuses, and other lost benefits; direct Defendant to pay Plaintiff an additional amount as liquidated damages as provided for in Section 7b of the ADEA, 29 U.S.C. Section 626b; award Plaintiff front pay in the event reinstatement is impractical or impossible; award the Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Section 7b of the ADEA, 29 U.S.C. 626b; granting such other and further relief as the Court deems necessary and proper.

## COUNT II.

20. This is an action at law under the Age Discrimination and Employment Act of 1967 "ADEA" (as amended 29 U.S.C. § 621 et seq.)

21. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 626(e). Injunctive and declaratory relief and damages are sought pursuant to 29 U.S.C. § 620(b).

22. Plaintiff realleges paragraphs 3 through 9 of Count I.

23. On July 14, 2008 the Plaintiff was terminated by the Defendant under false and pretextual reasons. Plaintiff was 47 years of age at the time of termination.

24. Despite the Plaintiff's qualifications and performance evaluations which were always outstanding or exceeding expectations; having received no prior oral or written warnings, reprimands or corrective counseling regarding discipline or

performance; having received a letter of commendation, and plaque of recognition of accomplishments ten (10) months earlier; and despite the accomplishments as listed in paragraph 8 above, the Defendant terminated the Plaintiff, for reasons expressed by the words of the Associate Dean of Students, "You do not meet the qualifications needed to fulfill the responsibilities of this position." The Plaintiff was replaced by a substantially younger individual who was less qualified by experience, education and skills. In fact, based on information and belief, many of the Plaintiff's job duties (Employer Outreach, on campus interviews, and planning and executing the Annual Career Festivals) were assumed by this substantially younger individual who was hired by the Plaintiff in 2006 as a part-time hourly contract worker assisting the Plaintiff with clerical duties.

25. As a result of this discriminatory termination the Plaintiff has suffered economic losses and benefits as a result of the termination.

26. The Plaintiff further seeks liquidated damages as authorized under the ADEA due to the willful nature of Defendant's conduct.

27. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission which issued a Notice of Right to Sue which was received by the Plaintiff on or about July 25, 2010. Attached as **Exhibit "A"** is a copy of this Notice.

WHEREFORE, Plaintiff requests this Court enter a judgment declaring that the acts and practices complained of herein are in violation of the ADEA and enjoin and permanently restrain these violations; direct Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices do not continue to effect Plaintiff's employment opportunities; direct Defendant to reinstate

Plaintiff placing her in the position she would have occupied but for Defendant's discriminatory treatment and making her whole for all earnings she would have received but for Defendant's discriminatory treatment including, but not limited to, wages, bonuses, and other lost benefits; direct Defendant to pay Plaintiff an additional amount as liquidated damages as provided for in Section 7b of the ADEA, 29 U.S.C. Section 626b; award Plaintiff front pay in the event reinstatement is impractical or impossible; award the Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Section 7b of the ADEA, 29 U.S.C. 626b; granting such other and further relief as the Court deems necessary and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

_____
Edward R. Gay, Esquire
Fla. Bar No. 342084
1516 E. Concord Street
Orlando, Florida 32803
(407) 898-1871
(407) 897-7042
TRIAL COUNSEL FOR PLAINTIFF

_____
Ann Marie Cooper
Plaintiff

MARGARET POTTER
Comm# DD0847112
Expires 1/2/2013
Florida Notary Assn., Inc

STATE OF FLORIDA
COUNTY OF ORANGE

BEFORE ME, the undersigned officer, duly authorized to administer oaths and take acknowledgments, personally appeared ANN MARIE COOPER,

_____ who is personally known;
___✓___ who is not known to me but who produced a _Fla C1160863115716-0_
_____ as identification;
___✓___ who did take an oath;
_____ who did not take an oath;

who after being sworn by me, deposes and says that she has read the contents and they are true and correct.

SWORN TO AND SUBSCRIBED this ___ day of October, 2010.

_____
Notary Public
My Commission Expires